UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARENCE D JOHNSON JR,<br><br>      Plaintiff,<br><br>  v.<br><br>JOE BIDEN, et al.,<br><br>      Defendants. | CASE NO. C21-466 MJP<br><br>ORDER DECLINING TO SERVE AMENDED COMPLAINT AND DISMISSING ACTION WITH PREJUDICE |

After the Court declined to service Plaintiff's initial complaint and granted leave to amend, Plaintiff filed an amended civil complaint. (Dkt. No. 11.) The Court has reviewed the amended complaint and record, and does hereby find and ORDERS that the amended complaint fails to state a claim or present a basis for jurisdiction and that this case shall be DISMISSED with prejudice.

Plaintiff bears the burden of establishing his case is properly filed in federal court. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); In re Ford Motor Co./Citibank (South Dakota), *N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). He must plead sufficient

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND DISMISSING ACTION WITH
PREJUDICE - 1

allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears subject matter jurisdiction is lacking, the Court "shall dismiss the action" and may do so on its own initiative. Munoz v. Mabus, 630 F.3d 856, 860 (9th Cir. 2010); Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).

An action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear the jurisdictional deficiency cannot be cured by amendment. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and quoted sources omitted). Further, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Plaintiff fails to identify a sufficient basis for federal jurisdiction. He has been given leave to amend, but the proposed amended complaint falls far short of establishing subject matter jurisdiction. The Court finds no reasonable basis to conclude that the jurisdictional deficiencies can be cured by further amendment. Nor does the amended complaint comply with Rule 8, as outlined in the Court's prior order. Because this action appears frivolous and fails to state a claim upon which relief may be granted, the Court finds dismissal under 28 U.S.C. § 1915(e)(2)(B) to be proper.

Because the deficiencies in the proposed amended complaint cannot be cured by amendment, this case is DISMISSED with prejudice. See 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(h)(3).

The clerk is ordered to provide copies of this order to Plaintiff.

Dated May 11, 2021.

Marsha J. Pechman
United States Senior District Judge